UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80806-CIV-ZLOCH

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

vs.

DOUGLAS P. MARTIN and VHGI
HOLDINGS, INC.,

       Defendants.
_____/

**<u>DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT DOUGLAS P. MARTIN</u>**

THIS MATTER is before the Court upon the Plaintiff's Motion For Entry Of Default Judgment Of Permanent Injunction And Other Relief Against Defendant Douglas P. Martin (DE 14). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

Defendant Douglas P. Martin was duly served with a copy of the summons and complaint filed herein on or about September 6, 2013. <u>See</u> DE 5. Said Defendant has failed to file an appropriate Motion or responsive pleading within the time prescribed by law. Default was previously entered against Defendant Douglas P. Martin, <u>see</u> DE Nos. 7 & 10, and Plaintiff now moves for Default Final Judgment.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant Douglas P. Martin by virtue of his default. <u>Cotton v. Mass. Mut. Life Ins. Co.</u>, 402 F.3d 1267, 1277-78 (11th Cir. 2005)(citations omitted). Thus, the Court finds Defendant Douglas P. Martin is liable for the

securities violations set forth in the Complaint (DE 1).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has personal jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff's Motion For Entry Of Default Judgment Of Permanent Injunction And Other Relief Against Defendant Douglas P. Martin (DE 14) be and the same is hereby **GRANTED**; and

3. Pursuant to Federal Rules of Civil Procedure 54(b), 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Securities And Exchange Commission and against Defendant Douglas P. Martin as follows:

**I. SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED AND ADJUDGED** that Defendant Douglas P. Martin and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a)(1) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to employ any device, scheme, or artifice to defraud, by, directly or indirectly, (i) creating a false appearance or otherwise

deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## II. SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULES 10b-5(a) and (c)

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Douglas P. Martin and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rules 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud, or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market

for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

### III. PENNY STOCK BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Douglas P. Martin is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

### IV. OFFICER AND DIRECTOR BAR

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant Douglas P. Martin is permanently barred from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

### V. DISGORGEMENT AND CIVIL PENALTY

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Douglas P. Martin shall pay disgorgement of ill-gotten gains, prejudgment interest, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission, which motion shall be filed within 90 days after this Judgment is entered.  Prejudgment interest shall be calculated from October 25, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalty, and at any hearing held on such a motion: (a) Defendant Douglas P. Martin  will be precluded from arguing he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Douglas P. Martin  may not challenge the validity of this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalty, the

parties may take discovery, including discovery from appropriate non-parties.

## VI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED AND ADJUDGED** that this Court shall retain jurisdiction over this matter solely for the purpose of enforcing the instant Judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___14th___ day of January, 2014.

```
                              /s/ William J. Zloch
                              _____
                              WILLIAM J. ZLOCH
                              United States District Judge
```

Copies furnished:

All Counsel of Record

Douglas P. Martin, PRO SE
312 Greenbrier Drive
Lake Worth, FL 33461

VHGI Holdings, Inc., PRO SE
c/o Michael E. Fasci, Sr., CFO
103 North Court Street
Sullivan, IN 47882